# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSE ALLAN BURCHAM,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-173-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesse Allan Burcham appeals his conviction for possession with intent to distribute five kilograms or more of cocaine. He argues that the district court erred in denying his motion to suppress and that the recordkeeping of his traffic stop was deficient and tantamount to the suppression of exculpatory evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30354

The undisputed evidence shows that the traffic stop was objectively justified at its inception because Officer Rusty Jenkins stopped Burcham for at least one traffic infraction. *See United States v. Lopez-Moreno*, 420 F.3d 420, 432 (5th Cir. 2005). Burcham's argument based on *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), is unavailing. *Rodriguez* is distinguishable; the district court did not err in finding that Jenkins's decision to extend the stop was justified by additional reasonable suspicion developed from Burcham's responses to traffic-related questions. *See United States v. Brigham*, 382 F.3d 500, 508-09 (5th Cir. 2004) (en banc).

Jenkins also did not violate *Rodriguez* by forgoing a check on Burcham's driver's license and vehicle registration. *See Brigham*, 382 F.3d at 511. Nothing in *Rodriguez* requires an officer to perform such checks; the Supreme Court merely recognized that the Fourth Amendment tolerated the checks as incident to an officer's traffic mission. *See Rodriguez*, 135 S. Ct. at 1614-15.

So long as Burcham's consent to search was voluntary, Jenkins was permitted to continue the detention while searching Burcham's car. *See United States v. Cavitt*, 550 F.3d 430, 438 (5th Cir. 2008). Burcham has not shown that the district court erred in finding that his consent to search was given voluntarily, as knowledge of the right to refuse consent is only one factor to consider in the inquiry and is not a prerequisite to effective consent. *See Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996); *United States v. Estrada*, 459 F.3d 627, 633-34 (5th Cir. 2006).

The district court also did not err in determining that the officers had probable cause to arrest Burcham after discovering a hidden compartment in his car. *See Estrada*, 459 F.3d at 632-33. The officer who discovered the hidden compartment testified that most of the previous hidden compartments he had discovered in vehicles contained contraband. The district court's finding that

No. 17-30354

no drug canines were used was plausible in light of the record as a whole and therefore not clearly erroneous.  *See United States v. Rounds*, 749 F.3d 326, 337-38 (5th Cir. 2014).  Burcham has not shown that the district court erred in denying his motion to suppress.

We review for plain error Burcham's argument, presented for the first time on appeal, that the officers' recordkeeping of the traffic stop was inadequate and tantamount to suppression of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  *See United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012).  The Government had no duty under *Brady* to disclose evidence that does not exist.  *See United States v. Edwards*, 442 F.3d 258, 266 (5th Cir. 2006).  Furthermore, the officers' testimony established that they did not depart from their standard procedures with respect to recordkeeping of Burcham's traffic stop.  *See United States v. Moore*, 452 F.3d 382, 388-89 (5th Cir. 2006).  The officers also had no constitutional duty to make any particular recording of the traffic stop or their communications.  *See Arizona v. Youngblood*, 488 U.S. 51, 58-59 (1988).

The judgment of the district court is AFFIRMED.

3